UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALISHA CRAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00313-JPH-MJD |
| ) | |
| TRUTH TREATMENT CENTERS LLC ) | |
| Clerk's Entry of Default entered on ) | |
| 05/22/2024, ) | |
| KEVIN CALVERT Clerk's Entry of Default ) | |
| entered on 05/22/2024, ) | |
| TYRONE ALLEN Clerk's Entry of Default ) | |
| entered on 05/22/2024, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On February 20, 2024, Alisha Cramer filed a complaint against her former employers—Truth Treatment Centers LLC, Kevin Calvert, and Tyrone Allen—alleging that they failed to pay her for the entirety of her hours worked. Dkt. 1. She brought a minimum wage and overtime claim under the Fair Labor Standards Act (FLSA) (Count I) and a claim under Indiana's Minimum Wage Statute (Count II). *Id.* at 4–5.

Defendants have not filed a response or defended the case. On May 22, 2024, a Clerk's Entry of Default was entered against Defendants. Dkt. 8. On June 19, 2024, Ms. Cramer filed a motion for default judgment. Dkt. [12]. For the reasons below, that motion is **GRANTED**.

1

**A.     Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment.  *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).  First, the plaintiff must obtain an entry of default from the Clerk.  Fed. R. Civ. P. 55(a).  Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true.  *VLM Food*, 811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment.  Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Defendants, dkt. 8, and Ms. Cramer seeks default judgment, dkt. 12.  Therefore, the allegations in the complaint, when taken as true, establish liability and the Court must determine damages.  *See* Fed. R. Civ. P. 55(b).

**B.     Damages**

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).  A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Here, damages can be calculated from definite figures in Ms. Cramer's evidence, so a hearing is unnecessary.  *See Villanueva v. Falcon Const. Co.*, No. 2:09-cv-107-PPS-PRC, 2010 WL 1577277,

at *1 (N.D. Ind. Apr. 14, 2010) (holding that a hearing was unnecessary when determining damages on a motion for default judgment on similar claims).

1. **Damages under the FLSA**

For her FLSA claim, Ms. Cramer alleges she worked 205 overtime hours. Dkt. 12-2 at 2 (Cramer Aff.); dkt. 12-3 (timecard); dkt. 12-4 (timecard); dkt. 14. Her agreed-upon rate of pay is $16.00 per hour. Dkt. 1 at 3. The FLSA entitles employees to overtime compensation at one and one-half times their regular hourly pay for any hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1). Therefore, Ms. Cramer is entitled to **$2,555.15** in unpaid overtime wages.

In addition, the FLSA provides liquidated damages in an amount equal to the total unpaid wages. 29 U.S.C. § 216(b). A court may choose not to award liquidated damages only when the employer proves it acted in good faith and with reasonable grounds to believe that its actions did not violate the FLSA. *Id.*; 29 U.S.C. § 260. Employers bear the burden of showing they acted reasonably and in good faith. *Bankston v. Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995). Defendants have not made that showing here, so Ms. Cramer is entitled to liquidated damages. *See Boyd v. Kim*, No. 1:12-cv-01547-TWP-DML, 2016 WL 776423, at *3 (S.D. Ind. Jan. 28, 2016), report and recommendation adopted, No. 1:12-cv-1547-TWP-DML, 2016 WL 772551 (S.D. Ind. Feb. 18, 2016) (awarding FLSA liquidated damages on default judgment).

Ms. Cramer's FLSA damages for unpaid overtime are **$2,555.15**. The FLSA's liquidated damages provision therefore entitles her to another

**$2,555.15** in liquidated damages.  This effectively doubles her damages.  *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) ("Doubling is the norm, not the exception.").

Altogether, Ms. Cramer is entitled to **$5,110.30** in damages under the FLSA.

### 2. Damages under the Indiana Wage Payment Statute

The Indiana Wage Payment Statute entitles plaintiffs to recover all wages they were owed but their employer failed to pay.  Ind. Code § 22-2-5-2.  Here, Ms. Cramer worked 1,266.18 hours at a rate of $16.00 per hour, entitling her to **$10,521.24** in unpaid wages.  Dkt. 12-2 at 2; 12-3; 12-4.

In addition to unpaid wages, plaintiffs are also entitled to two times the amount of wages due as liquidated damages if the employer did not act in good faith.  Ind. Code § 22-2-5-2.  These damages are "mandatory."  *Valadez v. R.T. Enters., Inc.*, 647 N.E.2d 331, 333 (Ind. Ct. App. 1995).  Ms. Cramer is entitled to another **$21,042.48** in damages, *see Poff v. Quick Pick, LLC*, No. 2:15-cv-405-LJM-MJD, 2017 WL 1509313, at *2 (S.D. Ind. Apr. 27, 2017) (awarding liquidated damages under the Indiana Wage Payment Statute in default judgment).  This effectively triples his damages.  *See Stampco Constr. Co., Inc. v. Guffey,* 572 N.E.2d 510, 514 (Ind. Ct. App. 1991).

Altogether, Ms. Cramer is entitled to **$31,563.72** in damages for her claim under the Indiana Wage Payment Statute.

### 3.     Attorneys' fees and costs

Both the FLSA and Wage Payment Statute provide that a plaintiff may recover attorney's fees and costs.  29 U.S.C. § 216(b); Ind. Code § 22-2-5-2.  Ms. Cramer's attorney has filed an affidavit verifying the hours he worked on this case along with copies of his billing invoices.  Dkts. 12-5; 12-6.  In total, attorney Christopher S. Wolcott spent 10.7 hours working on this case at a rate of $325 an hour.  Dkt. 10-2.  Mr. Wolcott has designated evidence that this rate is reasonable.  Dkts. 12-1; 12-5.  The Court finds this rate reasonable, entitling Ms. Cramer to **$3,413** in attorneys' fees; *see Cervantes v. Midwest Envtl. LLC*, No. 18-cv-600-PP, 2019 WL 1923674, at *2 (E.D. Wis. Apr. 30, 2019) (holding that a declaration verifying attorney fees and costs sufficient established those amounts for a default judgment).  Ms. Cramer is also entitled to her costs, which are an additional **$405**.  Dkt. 12-1 at 7; *see* Ind. Code § 22-2-5-2; 29 U.S.C. § 216(b).

### Conclusion

For the reasons stated above, Ms. Cramer's motion for default judgment is **GRANTED**.  Dkt. [12].  For her claim under the Indiana Wage Payment Statute, Ms. Cramer is entitled to damages, liquidated damages, and one half of the attorneys' fees and costs, totaling **$33,472.72** against Truth Treatment Center LLC.  Dkts; 1; 12-7.  For her FLSA claim, she is entitled to damages, liquidated damages, and one half of the attorneys' fees and costs, totaling **$7,019.30** against all Defendants, jointly and severally.  Dkts. 1; 12-7.  Ms.

Cramer may not recover more than **$40,492.02** in total from any combination of payments from Defendants.

**SO ORDERED.**

Date: 7/23/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Truth Treatment Centers, LLC
450 E. 96th Street Ste 500
Indianapolis, IN 46240

Kevin Calvert
450 E. 96th Street Ste 500
Indianapolis, IN 46240

Tyrone Allen
450 E. 96th Street Ste 500
Indianapolis, IN 46240